# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br> Plaintiff/Respondent,<br><br>v.<br><br>STEVE A. WATTS,<br><br> Defendant/Petitioner. | No. 14-20118-02-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Steve Watts' *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 109). The Government has responded.[1] One of Watts' grounds for relief is that he was denied effective assistance of counsel with respect to his request to file a direct appeal alleging prosecutorial misconduct. Having carefully reviewed the record and the arguments presented, the Court exercises its discretion and orders the parties to expand the record as set forth below.

## I. Factual and Procedural Background

Petitioner Steve Watts pleaded guilty on November 23, 2015 to one count of bank robbery, in violation of 18 U.S.C. § 2113(e), and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).[2] Watts was represented by Michael Highland. Under the Plea Agreement, the parties agreed to recommend a

---

[1]Docs. 115, 116.

[2]Docs. 59, 60.

1

sentence consistent with the United States Sentencing Guidelines ("U.S.S.G").[3] The government further agreed:

> (c) To recommend a sentence at the low end of the applicable Guidelines' range. The parties acknowledge that in the event the defendant's Guidelines' range is less than the statutory mandatory minimum sentence, the defendant's Guidelines' range, by operation of law, must be the statutory mandatory minimum sentence. The parties acknowledge that in the event the low end of the defendant's Guidelines' range is less than the statutory mandatory minimum range, the low end of the Guidelines' range, by operation of law, must be the statutory mandatory minimum sentence.[4]

A Presentence Investigation Report ("PSIR") was prepared in anticipation of sentencing.[5] The PSIR calculated Watts' base offense level at 20 pursuant to U.S.S.G. § 2B3.1 for an offense involving bank robbery.[6] Additionally, two levels were added under U.S.S.G. § 2B3.1(b)(1) because the offense involved taking property of a financial institution; two levels were added under U.S.S.G. § 2B3.1(b)(2)(F) because a threat of death was made; two levels were added under U.S.S.G. § 2B3.1(b)(3)(A) because some of the victims suffered bodily injury; two levels were added under U.S.S.G. § 2B3.1(b)(4)(B) because Watts physically restrained victims to facilitate the offense; and one level was added under U.S.S.G. § 2B3.1(b)(7)(B) because the loss totaled $54,741.[7] The adjusted offense level was calculated at 29; with a three-level decrease for acceptance of responsibility, the total offense level was 26.[8]

However, pursuant to U.S.S.G. § 4B1.1(c), the PSIR concluded Watts was a "career offender" who was also convicted of 18 U.S.C. § 924(c), with a resulting Guidelines range of

---

[3]Doc. 60, ¶ 3.
[4]*Id.,* ¶ 5[c].
[5]Doc. 69.
[6]*Id.*, ¶ 27.
[7]*Id.*, ¶¶ 28–32.
[8]*Id.*, ¶¶ 36, 40.

272 to 319 months' imprisonment.[9] The PSIR identified the two felony convictions of either a crime of violence or a controlled substance offense committed prior to the instant offense: (1) a 1987 Missouri state conviction for second-degree murder; and (2) a 1988 federal conviction for armed bank robbery.[10] Counsel Highland filed a written objection to this finding in Sentencing Memorandum, on the grounds that the second-degree murder charge was not a "crime of violence" under *Johnson v. United States*.[11] The government maintained Watts was a career offender.[12] On January 31, 2017, this Court issued a Memorandum and Order, finding Watts was not a career offender.[13]

As a result of the Court's ruling, Watts' Guideline range was 92 to 115 months' imprisonment based on a total offense level of 26 and a criminal history category of IV.[14] The mandatory minimum sentence for Count 1, the bank robber charge, was 120 months' imprisonment; the mandatory minimum for Count 3, the gun charge, was 84 months' imprisonment, consecutive to the sentence imposed on Count 1.[15] This Court then sentenced Watts to the mandatory minimum sentence of 204 months' imprisonment.[16] The Court further ordered that if Watts' parole was revoked in Jackson County, Missouri second-degree murder

---

[9]*Id.* ¶¶ 37, 41, 80.

[10]*Id.*, ¶¶ 37, 56, 57.

[11]Doc. 88 (citing 559 U.S. 133 (2010)). A Brief of Amicus Curiae was filed by the Federal Public Defender's Office on Watts' behalf. Doc. 91.

[12]Doc. 95.

[13]Doc. 100.

[14]*Id.* at 3; Doc. 69, ¶¶ 40, 61.

[15]Sent. Hrg. Tr., Doc. 105 at 4, 9–10.

[16]Doc. 103.

3

case, No. CR 86-3012, the 204-month sentence imposed would run consecutively to any sentence imposed in the Jackson County case.[17]

Watts did not file a direct appeal. This timely § 2255 motion followed.[18]

## II. Discussion

Watts claims that his attorney disregarded his request to file a notice of appeal on grounds of prosecutorial misconduct, specifically, that the government deliberately misapplied the Guidelines as a bargaining tool to intimidate him into entering the plea agreement that he would not otherwise have considered.[19] The government responds that Watts' claim is conclusory, not supported by the record, and that the government did not agree to or make any statement as to Watts' expected Guidelines range.

A particularized claim that counsel failed to file a notice of appeal despite a timely request is generally sufficient to warrant relief.[20] "[A] lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial."[21] Because Watts affirmatively states that he asked counsel to file an appeal, his allegation entitles him to relief if proven to be true, particularly when afforded a liberal construction due to his *pro se* status.[22] Because Watts does not provide any factual details, the Court is presented with a credibility determination.

---

[17]*Id.*; *see* Sent. Hrg. Tr., Doc. 105 at 9–13.

[18]28 U.S.C. § 2255(f)(1) (motions filed under § 2255 must be filed within one year "of the date on which the judgment of conviction becomes final.").

[19]Doc. 109 at 2.

[20]*United States v. Jasso Chavero,* 630 F. App'x 866, 868 (10th Cir. 2015) (citing *United States v. Snitz*, 342 F.3d 1154, 1155–56 (10th Cir. 2003)).

[21]*Snitz*, 342 F.3d at 1155–56.

[22]*Jasso Chavero*, 630 F. App'x at 869 (citing *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)).

4

At this point, however, the Court declines to order an evidentiary hearing without first exercising its discretion to develop the record on this issue. The Tenth Circuit has noted that the district court retains the "flexibility" or discretion "to utilize alternative methods to expand the record without conducting an extensive hearing."[23] The Supreme Court has said that a § 2255 movant is not always entitled to a full hearing simply because the record "does not conclusively and expressly belie his claim."[24] District courts retain the "discretion to exercise their common sense" and dispose of these issues without a hearing when a movant's factual allegations are "vague, conclusory, or palpably incredible."[25]

Accordingly, the Court will give both sides **sixty (60) days** to expand the record. Watts is expected to supply a sworn statement setting forth specific factual details and circumstances in support of his claim that he requested his counsel to file a notice of appeal, including but not limited to the time, place, and manner of any discussion(s) between himself and Mr. Highland, the details of their discussion(s), and "any other detail which would lend the requisite specificity or credibility to this allegation."[26] The government is expected to submit an affidavit from Highland on the specific facts and circumstances surrounding the § 2255 issue. The Court will determine the need for an evidentiary hearing after reviewing the expanded record.

**IT IS THEREFORE ORDERED BY THE COURT** that both sides will have **sixty (60) days** from the date of this Order to expand the record as discussed above.

---

[23]*United States v. Lee-Speight*, 529 F. App'x 903, 907 n.5 (10th Cir. 2013).

[24]*Machibroda v. United States*, 368 U.S. 487, 495 (1962).

[25]*Id.* at 495–96.

[26]*United States v. Lester,* No. 09-40074-SAC, 2011 WL 3489994, at *7 (D. Kan. Aug. 10, 2011).

**IT IS SO ORDERED.**

Dated: <u>December 4, 2018</u>

                                                  <u>S/ Julie A. Robinson</u>
                                                  JULIE A. ROBINSON
                                                  CHIEF UNITED STATES DISTRICT JUDGE