# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

        v.

STEVE A. WATTS,

        Defendant/Petitioner.

No. 14-20118-02-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Steve Watts' *pro se* Motion to Vacate, Set

Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 109). The Government has

responded.[1] The Court ordered the parties to expand the factual record on Petitioner's claim that

he requested his counsel to file a notice of appeal (Doc. 126). The Government filed an affidavit

by counsel Michael Highland (Doc. 127). Petitioner has not moved to supplement or expand the

record or otherwise responded to the Court's order. Having carefully reviewed the record and

the arguments presented, the Court denies Petitioner's motion without further evidentiary

hearing.

## I.    Factual and Procedural Background

Petitioner Steve Watts pleaded guilty on November 23, 2015 to one count of bank

robbery, in violation of 18 U.S.C. § 2113(e), and one count of possession of a firearm in

furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).[2] Watts was

represented by Michael Highland. Under the Plea Agreement, the parties agreed to recommend a

---

[1]Docs. 115, 116.

[2]Docs. 59, 60.

sentence consistent with the United States Sentencing Guidelines ("U.S.S.G").[3]  The

Government further agreed:

> (c) To recommend a sentence at the low end of the applicable Guidelines' range. The parties acknowledge that in the event the defendant's Guidelines' range is less than the statutory mandatory minimum sentence, the defendant's Guidelines' range, by operation of law, must be the statutory mandatory minimum sentence. The parties acknowledge that in the event the low end of the defendant's Guidelines' range is less than the statutory mandatory minimum range, the low end of the Guidelines' range, by operation of law, must be the statutory mandatory minimum sentence.[4]

Watts agreed that the Plea Agreement "is true and accurate and not the result of any threats,

duress, or coercion."[5]  Watts further agreed that the "Plea Agreement supersedes any and all

other agreements or negotiations between the parties, and this Plea Agreement embodies each

and every term of the agreement between the parties."[6]

During the plea hearing, the Court conducted a colloquy with Watts.[7]  Watts admitted

that on or about October 29, 2014, he took—by force, violence, and intimidation—U.S. currency

from employees of a bank located in Kansas.[8]  The currency that Watts took was deposits

insured by the Federal Deposit Insurance Corporation.[9]  This act violated 18 U.S.C. §§ 2113(a),

(d), and (e).  Further, Watts admitted that he knowingly used, carried, or brandished a Ruger .44

caliber revolver, in furtherance of the bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[10]

---

[3]Doc. 60, ¶ 3.

[4]*Id.,* ¶ 5[c].

[5]*Id.,* ¶ 15.

[6]*Id.*

[7]Doc. 114 at 21–22.

[8]*Id.*

[9]*Id.*

[10]*Id.*

Watts acknowledged that his conviction on these charges could subject him to a sentence of not less than seventeen years, nor more than thirty-two years.[11]  At the plea hearing, the prosecutor advised Watts of this potential sentence in open court, and Watts indicated that he understood.[12]  Watts acknowledged that his counsel explained the sentencing guidelines to him and the Court also summarized the Guidelines.[13]  Watts acknowledged that he understood that neither this Court, his attorney, nor the prosecutor could "predict with certainty at this point in the proceeding what sentence [he would] receive," but that his sentence had to fall between any mandatory minimum and maximum sentence prescribed by law,[14] and that specifically he was facing a mandatory minimum sentence of seventeen years' (204 months) imprisonment.[15]

A Presentence Investigation Report ("PSIR") was prepared in anticipation of sentencing.[16]  The PSIR calculated Watts' base offense level at 20 pursuant to U.S.S.G. § 2B3.1 for an offense involving bank robbery.[17]  Additionally, two levels were added under U.S.S.G. § 2B3.1(b)(1) because the offense involved taking property of a financial institution; two levels were added under U.S.S.G. § 2B3.1(b)(2)(F) because a threat of death was made; two levels were added under U.S.S.G. § 2B3.1(b)(3)(A) because some of the victims suffered bodily injury; two levels were added under U.S.S.G. § 2B3.1(b)(4)(B) because Watts physically restrained victims to facilitate the offense; and one level was added under U.S.S.G. § 2B3.1(b)(7)(B)

---

[11]*Id.* at 16–17.

[12]*Id.* at 17.

[13]*Id.* at 13–15.

[14]*Id.* at 15–18.

[15]*Id.* at 17–18.

[16]Doc. 69.

[17]*Id.*, ¶ 27.

because the loss totaled $54,741.[18]  The adjusted offense level was calculated at 29; with a three-level decrease for acceptance of responsibility, the total offense level was 26.[19]

However, pursuant to U.S.S.G. § 4B1.1(c), the PSIR concluded Watts was a "career offender" who was also convicted of violating 18 U.S.C. § 924(c), with a resulting Guidelines range of 272 to 319 months' imprisonment.[20]  The PSIR identified two felony convictions of either a crime of violence or a controlled-substance offense committed prior to the instant offense—(1) a 1987 Missouri state conviction for second-degree murder; and (2) a 1988 federal conviction for armed bank robbery.[21]

Watts' attorney, Michael Highland, filed a written objection to this finding in a Sentencing Memorandum, on the grounds that the second-degree murder charge was not a "crime of violence" under *Johnson v. United States*.[22]  The Government maintained Watts was a career offender.[23]  On January 31, 2017, this Court issued a Memorandum and Order, finding Watts was not a career offender.[24]

As a result of the Court's ruling, Watts' Guideline range was 92 to 115 months' imprisonment based on a total offense level of 26 and a criminal history category of IV.[25]  The mandatory minimum sentence for Count 1, the bank robbery charge, was 120 months' imprisonment; the mandatory minimum for Count 3, the gun charge, was 84 months'

---

[18]*Id.*, ¶¶ 28–32.

[19]*Id.*, ¶¶ 36, 40.

[20]*Id.* ¶¶ 37, 41, 80.

[21]*Id.*, ¶¶ 37, 56, 57.

[22]Doc. 88 (citing 559 U.S. 133 (2010)).  A Brief of Amicus Curiae was filed by the Federal Public Defender's Office on Watts' behalf.  Doc. 91.

[23]Doc. 95.

[24]Doc. 100.

[25]*Id.* at 3; Doc. 69, ¶¶ 40, 61.

imprisonment, consecutive to the sentence imposed on Count 1.[26]  This Court then sentenced

Watts to the mandatory minimum sentence of 204 months' imprisonment.[27]  The Court further

ordered that if Watts' parole was revoked in the Jackson County, Missouri second-degree murder

case, No. CR 86-3012, the 204-month sentence imposed would run consecutively to any

sentence imposed in the Jackson County case.[28]

Watts did not file a direct appeal.  This timely § 2255 motion followed.[29]  After

determining that Watts failed to provide any factual details about his alleged request for an

appeal, this Court was presented with a credibility determination.  The Court exercised its

discretion to develop the record on this issue, granting both parties sixty days to expand the

record in the case.[30]  However, Watts has failed to submit any additional information, and

thereby expand the record in this case.  By contrast, the Government submitted an affidavit

authored by Watts' trial counsel, Mr. Highland.[31]

## II.  Standard

Section 2255 entitles a federal prisoner to relief if the court finds that "the judgment was

rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is]

otherwise open to collateral attack, or that there has been such a denial or infringement of the

constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[32]

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files

---

[26]Doc. 105 at 4, 9–10.

[27]Doc. 103.

[28]*Id.*; *see* Doc. 105 at 9–13.

[29]28 U.S.C. § 2255(f)(1) (motions filed under § 2255 must be filed within one year "of the date on which the judgment of conviction becomes final.").

[30]Doc. 126.

[31]Doc. 127.

[32]28 U.S.C. § 2255(b).

and records of the case conclusively show that the prisoner is entitled to no relief."[33]  A § 2255

petitioner must allege facts that, if proven, would warrant relief from his conviction or

sentence.[34]  An evidentiary hearing is not necessary where the factual allegations are

contradicted by the record, inherently incredible, or when they are conclusions rather than

statements of fact.[35]

The Sixth Amendment guarantees that "[i]n all criminal prosecution, the accused shall

enjoy the right . . . to have the Assistance of Counsel for his defence."[36]  A successful claim of

ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v.*

*Washington*.[37]  First, a defendant must show that his counsel's performance was deficient in that

it "fell below an objective standard of reasonableness."[38]  To meet this first prong, a defendant

must demonstrate that the omissions of his counsel fell "outside the wide range of professionally

competent assistance."[39]  This standard is "highly demanding."[40]  Strategic or tactical decisions

on the part of counsel are presumed correct, unless they were "completely unreasonable, not

merely wrong, so that [they] bear no relationship to a possible defense strategy."[41]  In all events,

judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A]

court must indulge a strong presumption that counsel's conduct falls within the wide range of

---

[33]*United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255(b)).

[34]*In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009).

[35]*See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996) ("[t]he allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1143, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that are merely conclusory in nature and without supporting factual averments).

[36]U.S. Const. amend. VI; *see Kansas v. Ventris*, 556 U.S. 586 (2009).

[37]466 U.S. 668 (1984).

[38]*Id.* at 688.

[39]*Id.* at 690.

[40]*Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[41]*Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted).

reasonable professional assistance."[42]  Moreover, the reasonableness of the challenged conduct

must be evaluated from counsel's perspective at the time of the alleged error, and "every effort

should be made to 'eliminate the distorting effects of hindsight.'"[43]

To meet the second prong, a defendant must also show that his counsel's deficient

performance actually prejudiced his defense.[44]  To prevail on this prong, a defendant "must show

there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the

proceeding would have been different."[45]  A "reasonable probability" is a "probability sufficient

to undermine confidence in the outcome."[46]  This, in turn, requires the court to focus on "the

question whether counsel's deficient performance render[ed] the result of the trial unreliable or

the proceeding fundamentally unfair."[47]

A defendant is entitled to the effective assistance of counsel during plea negotiations.[48]

"The performance prong of *Strickland* requires a defendant to show that counsel's representation

fell below an objective standard of reasonableness."[49]  "To show prejudice in the guilty plea

context, the defendant must establish that 'there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and insisted on going to trial.'"[50]

---

[42]*Strickland*, 466 U.S. at 687.

[43]*Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

[44]*Strickland*, 466 U.S. at 687.

[45]*Id.* at 694.

[46]*Id.*

[47]*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[48]*Lafler v. Cooper,* 566 U.S. 156, 162–63 (2012).

[49]*Id.* at 163 (internal quotation marks omitted).

[50]*Heard v. Addison*, 728 F.3d 1170, 1176 (10th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985)).

In all events, a defendant must demonstrate both *Strickland* prongs to establish a claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[51] "The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'"[52]

## III.    Discussion

Watts makes a single claim of ineffective assistance of counsel: "[t]hat because of the ineffective assistance of counsel throughout the negotiating of the plea agreement, the incorrect calculation of the U.S.S.G. and for the use of false promises to induce appellant to accept a plea that violates his constitutional rights of proper representation and equal protection under the law."[53]  Review of Watts' motion, however, suggests this claim has four sub-issues, which the Court addresses in turn.

### A. Counsel was ineffective for failing to object to the Government's request to run his sentence consecutive to any sentence imposed upon revocation of his parole in his Jackson County, Missouri Circuit Court second-degree murder case

Watts contends that counsel "promised that before sentencing he would, without any objection from the District Attorney; seek to have my Federal sentence run concurrent with my already existing state sentence in [Missouri].  But at sentencing he chose not to say or do any of what he promised."[54]  This claim is contradicted by the record.  Contrary to Watts' claim, counsel did request that this Court run his federal sentence concurrently to any sentence imposed

---

[51]*Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

[52]*Id.* (quoting *Strickland*, 466 U.S. at 697); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

[53]Doc. 109 at 5–6.

[54]*Id.* at 2.

upon a revocation of his parole in Jackson County, Missouri.[55]  The Court denied that request, and ruled that if Watts' parole was revoked in the Missouri case and a sentence imposed, the federal sentence shall run consecutive to that sentence.[56]  This claim is therefore denied.

**B. Counsel was ineffective by inaccurately advising Watts of what his Sentencing Guideline range would be**

Watts' allegations are insufficient to prove that counsel's performance was constitutionally deficient.  Watts contends that based on counsel's advice, he believed that he could receive a sentence as high as 272 to 319 months' imprisonment, but that his Guidelines range was actually 92 to 115 months' imprisonment.  But Watts misapprehends counsel's calculation—if this Court had agreed with the Government that Watts was a career offender, his Guidelines range would in fact have been 272 to 319 months, and counsel's advice to Watts that this was a possibility would have been accurate.  Likewise, Watts' assertion that his Guidelines range was 92 to 115 months is inaccurate.  The Guidelines range on the Bank Robbery charge in Count 1 standing alone would have been 92 to 115 months if not for the mandatory minimum sentence of 120 months.[57]  Watts does not take into account the mandatory minimum sentence on the § 924(c) firearm offense in Count 3, which is consecutive to the 120-month sentence for Count 1.[58]  Accordingly, 204 months is the correct sentence calculation under the Guidelines, and Watts cannot demonstrate his counsel's performance was deficient.  Even if counsel committed an error, however, miscalculation or erroneous sentence estimation by defense

---

[55]Doc. 105 at 12.

[56]*Id.* at 12–13.

[57]Doc. 69 at 16–17.

[58]Doc. 105 at 4.

counsel by itself is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.[59]

Nor has Watts alleged sufficient facts to show that counsel's alleged advice was prejudicial. At the plea hearing, Watts acknowledged that his plea was given freely and voluntarily and that no one had forced or threatened him to enter it. After being informed about his right to trial and the burden on the Government, the statutory minimum and maximum, and the fact that the term of his sentence was solely within the discretion of the Court, Watts pleaded guilty. An erroneous sentencing prediction is not prejudicial where the Court has conducted an adequate Rule 11 colloquy.[60]

In addition, Watts has not shown that in light of the evidence against him, "a decision to reject the plea bargain would have been rational under the circumstances."[61] Watts has not made a showing of reasonable probability that he would have been acquitted at trial, nor attempted to do so, leaving the Court to conclude that the reasonable probability is that, had he not pleaded but continued with trial, the result would not have been different. In this case, Watts received the lowest possible sentence for the two crimes to which he pleaded guilty, in no small part due to counsel's successful efforts to litigate the career offender issue. Because Watts cannot meet his burden on the prejudice prong, this claim is denied.

---

[59]*United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993); *see United States v. Melcher*, No. 10-504, 2010 WL 1971913, at *2 (10th Cir. May 18, 2010) (finding performance not deficient; prediction of 200 months, but sentence of life in prison); *United States v. Herrera*, 289 F. App'x 302, 304–05 (10th Cir. 2008) (finding erroneous estimate not deficient where defendant recognized that he faced potential life sentence and plea agreement stated that final sentence was solely in court's discretion); *United States v. Molina*, No. 09-40041-JAR, 2013 WL 6561252, at *5 (D. Kan. Dec. 13, 2013) (holding defense counsel's failure to advise defendant his sentence would likely be life based on potential sentencing enhancements was not ineffective where defendant acknowledged he was subject to life sentence).

[60]*See United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007) (no prejudice from attorney miscalculation of sentence in light of judge's statements at plea hearing).

[61]*Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

**C. Counsel was ineffective for failing to file an appeal alleging "prosecutorial misconduct" for "deliberately mis-applying the guidelines" and "using it as a bargaining tool" to induce Watts to enter into the Plea Agreement**

Watts claims that counsel was ineffective for failing to file an appeal. Specifically, Watts alleges that counsel "neglected to follow through on my request of him to file my appeal on 'prosecutorial misconduct.'"[62] The Government contends that Watts' allegation is unsupported by any facts in the record.

"A particularized claim that counsel failed to file a notice of appeal despite a timely request is generally sufficient to warrant relief."[63] "[A] lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial."[64] "But this does not imply that a habeas petitioner is automatically entitled to an evidentiary hearing merely because he makes an allegation that his attorney refused to file an appeal."[65]

The primary issue before the Court is whether an evidentiary hearing is warranted on this claim. Here, Watts does not expand the record to provide details about his alleged request, such as when or how the request was made, or the specifics of any conversation he had with counsel about filing an appeal. By contrast, the Government has provided an affidavit authored by Watts' trial counsel, Mr. Highland, who states under oath that Watts never requested an appeal.[66] Indeed, Mr. Highland states that there was never any discussion of appealing the sentence, based

---

[62]Doc. 109 at 2.

[63]*United States v. Jasso Chavero*, 630 F. App'x 866, 868 (10th Cir. 2015) (citing *United States v. Snitz*, 342 F.3d 1154, 1155–56 (10th Cir. 2003)).

[64]*Snitz*, 342 F.3d at 1155–56.

[65]*United States v. Harrison*, 375 F. App'x 830, 833 (10th Cir. 2010).

[66]Doc. 127-1 at 3–4.

upon either prosecutorial misconduct or ineffective assistance of counsel.[67] According to Mr.

Highland, Watts never requested an appeal in person, or via telephone or correspondence.[68]

To warrant an evidentiary hearing, a petitioner must present detailed and specific facts to

back up his allegation, instead of "vague, conclusory, or palpably incredible" allegations.[69]

Based on the expanded record before it, the Court concludes that an evidentiary hearing is not

needed. Watts' conclusory allegations are without supporting factual averments and are

contradicted by the record. Therefore, this claim is denied.

### D. Counsel was ineffective in the negotiation/waiver of the Plea Agreement

"A waiver of post-conviction rights results in a miscarriage of justice and is therefore

unenforceable if . . . the prisoner's counsel was ineffective in connection with the negotiation of

the plea agreement."[70] However, to demonstrate that counsel was ineffective in negotiating his

guilty plea, Watts "must demonstrate that 'there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial.'"[71]

Watts claims that his counsel was ineffective in negotiating the Plea Agreement because

it contains a waiver of certain rights of appeal. Much of Watts' argument for this claim seems to

be based on the premise that such waivers are per se unconscionable. Watts cites to *United*

*States v. Cockerham*[72] as a basis for this premise—stating that this case "prove[s] that

enforcement of appellate waiver in a plea agreement would result in a miscarriage of justice."[73]

---

[67]*Id.*

[68]*Id.*

[69]*Harrison*, 375 F. App'x at 833.

[70]*United States v. White*, 386 F. App'x 787, 791 (10th Cir. 2010).

[71]*Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[72]237 F.3d 1179 (10th Cir. 2001).

[73]Doc. 109 at 5.

Watts also argues that negotiations resulting in appellate waivers are "unlawful and seriously affect[] the fairness, integrity or public reputation of judicial proceedings."[74]

*Cockerham* does not support Watts' broad assertions. There, the Tenth Circuit explicitly stated that "[a] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[75] The court detailed exceptions to this general rule, stating that waivers are unenforceable if "the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful."[76] Likewise, "'a waiver may not be used to preclude appellate review of a sentence that exceeds the statutory maximum or to deny review of a claim that the agreement was entered into with ineffective assistance of counsel.'"[77]

Here, Watts' Plea Agreement does not contain any of these prohibited waivers. The agreement explicitly preserved Watts' right to bring an appeal alleging ineffective assistance of counsel or prosecutorial misconduct.[78] Under the Plea Agreement, Watts was permitted to appeal his sentence if this Court had departed upwards from the applicable Sentencing Guideline range.[79] Likewise, the Plea Agreement allowed Watts to appeal his sentence if the Government exercised its right to appeal the sentence imposed.[80] The agreement contained limiting language

---

[74]*Id.*

[75]*Cockerham*, 237 F.3d at 1183.

[76]*Id.* at 1182 (citing *United States. v. Black*, 201 F.3d 1296, 1301 (10th Cir. 2000)).

[77]*Id.* (quoting *Black*, 201 F.3d at 1301).

[78]Doc. 60, ¶ 11.

[79]*Id.*

[80]*Id.*

specifically exempting Watts from any type of waiver that was prohibited by *Cockerham*.[81]

Watts has failed to show how the inclusion of this limited, and generally enforceable, waiver

constitutes ineffective assistance of counsel in regards to plea negotiations.

Moreover, the waiver—including its limitations—was expressly stated in the Plea

Agreement[82] and explained to Watts at his plea hearing.[83] This Court described the restrictions

that would be placed upon Watts' rights to appeal, and Watts indicated that he understood and

accepted these restrictions.[84] Thus, Watts' waiver was knowingly and voluntarily made. There

are no facts in the record that suggest this waiver is prohibited by *Cockerham*, or that its

enforcement would result in a miscarriage of justice.

Nor can Watts demonstrate prejudice. It is worth noting again that, by entering into the

Plea Agreement, Watts received the mandatory minimum sentences for his crimes. Mr.

Highland was successful in his litigation of the career offender issue. There were simply no

sentencing issues that could have been litigated on appeal. As such, Watts has failed to

demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding

would have been different.[85] This claim is also denied.

### IV.    Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or

---

[81]*Id.*

[82]*Id.*

[83]Doc. 114 at 8–10.

[84]*Id.*

[85]*Strickland v. Washington*, 466 U.S. 668, 689 (1984).

deny a certificate of appealability when it enters a final order adverse to the applicant.[86]  A

certificate of appealability may issue only if the applicant has made a substantial showing of the

denial of a constitutional right.[87]  To satisfy this standard, the movant must demonstrate that

"reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong."[88]  For the reasons stated above, the Court finds that Watts has not satisfied

this standard and, therefore, denies a certificate of appealability as to its ruling on his

§ 2255 motion.

      **IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Steve Watts'

motion to vacate his conviction pursuant to § 2255 (Doc. 109) is DENIED without an evidentiary

hearing.  He is also denied a certificate of appealability.

      **IT IS SO ORDERED.**

      Dated: <u>March 21, 2019</u>

                                  S/ Julie A. Robinson
                                  JULIE A. ROBINSON
                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[86]The denial of a § 2255 motion is not appealable unless a circuit justice or a district judge issues a certificate of appealability.  Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[87]28 U.S.C. § 2253(c)(2).

[88]*Saiz v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)).